Okay, the next case is number 14, 1427, in-ring traffic information, LLC, when you're ready. Good morning, Your Honor. My name is Kevin Russell and I represent Traffic Information, LLC, and the two claims that issue this case are Claims 1021 of the 862 patent. And in essence, what Claims 10 and 21 both generally claim is that there's a request for traffic information, and then in response to that particular request for traffic information, the system provides traffic information. Then as a subsequent part in Claim 10 and 21, this requesting and providing is based upon the geographic data, namely that the request itself includes the geographic data that selects the traffic information, not that the traffic information is of course generated from geographic data. So the issue in this case then becomes a case of anticipation with respect to Hollenberg as to whether or not it discloses traffic information. And then a follow-on to that, whether it provides traffic information in response to a request, our position of course is no. And also whether the selection of that traffic information, as pointed out, is actually based on this geographic data via GPS data or geographic location, Claims 10 and 21 respectively. Are you saying that in Hollenberg there's no request for traffic data? There is no request for traffic data in Hollenberg. That is correct, Your Honor. And why there's no request in Hollenberg for traffic data, if we look at the appendix at pages 1365 and 1366, I guess the clearest graphical figures of Hollenberg, what Hollenberg has is at element 94 it receives a request for services and it also provides location. Then at 95 it processes that location data to generate internally to the server system this traffic information that we're talking about. Then it's not until after, and then that traffic information at the option of the server, if it decides it wants to, independently of the client side, it determines whether or not it's going to provide this traffic information to the user. And it's not until after... When you look at figure 13 of Hollenberg, it seems to me that we have number 94, receive user data and request for services. Correct. Couldn't that be a request for traffic data services? No, it is not a request for traffic data services. Because what happens is that the location information is processed to help supplement the traffic data. If the server decides that, since the server actually keeps track of where the user's at, the server then determines whether or not this traffic data should be provided to the server. And it's not until after that occurs, at step 97, that this request that you referenced in 94 is even processed. That request is not processed until 97. If the step is not processed until 97, our viewpoint is that merely because there's a correlation in the sequence that the boxes were listed in the figure, this implies that one caused the other to occur. Namely, that this request that you point out in 94, this request is not processed until after the traffic information is sent to the user if the server decides to do so. Thus, there would be no request for traffic information in the first place from the client. And there's really no reason to do so. And what I would follow up on that is that it seems to me that this is tacitly agreed to because in the briefing at pages 15 and 19 of the appellee, when you get to the part where it says, is there a request in Hollenberg for traffic information, rather than saying there is a request for traffic information, it's hedged by saying it fairly teaches a request for traffic information. It doesn't say it. Their statements fairly teaches requests for traffic information. And then we get to the part where it says, is there a response provided by the server for traffic information in response to the request, rather than showing where it's at, whether it's inherent or explicitly disclosed in here, what they say is one of ordinary skill in the art would understand the transmission of traffic information to be in response to the request, which in my opinion is tantamount to saying it has to be there because I say so. I don't see the evidence where it needs to be there. There's no inherent reason why it wouldn't work without that request because it's provided if the server decides to provide it to it. And then the claims clearly require that the selection of this traffic information, not the generation of traffic information itself, but we're talking about this request for traffic information is based upon the geographic data, whether it be a claim 10 GPS or claim 21 geographic location. And that's all I have to say. Do you have any questions? Let's hear from the office and we'll save the rest of your time. Thank you. May it please the court. The board's anticipation findings are supported by substantial evidence and they should be confirmed. Hollenberg does exactly what the Claims Convention does. It provides real-time traffic information to mobile users like automobiles and it does it in exactly the same way. That is, mobile users can monitor their geographic location using GPS. They transmit their location data along with requests for information to the server. The server then collects data from multiple users and creates traffic information which it sends back to a requesting user. And that selected information is based on the user's location, which is in turn based on GPS. The limitations that the appellant tends to rely on to distinguish over Hollenberg simply do not distinguish. And in particular, the first thing that they submit is that there are no requests for traffic information caught in Hollenberg. First of all, Claim 21 doesn't even recite a request for traffic information, it recites only a request for information. And there's no question that at Column 23, the specification clearly teaches requests for information at Line 17 to 18. Moreover, repeatedly in Lines 23 and 24, the specification teaches that the server processes and transmits to users traffic information that appears at Column 23 at Line 33 and at 40 in Column 24 at Line 31. And so as the Board correctly found, an ordinarily skilled artisan upon reading the specification would appreciate that among the types of information that can be requested is traffic information. Secondly, the Board correctly found that Hollenberg teaches that the traffic information is transmitted in response to requests. Again, at Columns 23 and 24, and specifically in Figures 13 and 14, the specification teaches that requests come in and thereafter the server responds by sending out information. And contrary to what the appellant has argued here, at Step 94 information comes in in Figure 13 and as taught at Column 23, information is transmitted in Step 96, and that is at Column 23 beginning at around Line 37. In addition, the specification teaches that filters can be established, and that's what And in the server, it takes those filters, and those filters would, they can establish or limit the types of information that is requested, and at Steps 98 and 99, the server then selects and transmits the appropriate information. And that's similarly at Figure 14, requests come in at Step 128, and the server returns information in response to those requests. So I don't think there's any dispute that Hollenberg fairly teaches that the transmitted information is in response to the requests. And finally, with respect to the other argument that appellee, the other limitation, that selection must be based on a GPS signal, Hollenberg, like the 862 patent, teaches that selection is based on the location of the user, and you'll see that, for example, in Figure 6 of Hollenberg, and that location is in turn based on GPS, and that is taught at Hollenberg at Line, Column 18, Lines 31 to 33, and you'll see that in the 862 patent, likewise, it's location of the user that is determined based on GPS, and that's at Column 12, Lines 47 to 49. So, with all of that, I submit that there is substantial evidence supporting the Board's decision, and the Board should be approved. Any questions for Ms. Nielsen?  Thank you, Ms. Nielsen. Mr. Russell? Thank you, Your Honor. I guess I would like to point out that, with reference to Figure 13 of Hollenberg, it seems that there's no evidence, there's not substantial evidence, there's in fact no evidence that they point to that suggests that these requests that they receive at Step 94, and they say that they're processed in 97, are used for providing the traffic information. The traffic information is just done independently. You can get that feeling from the patent by the previous figures, the previous embodiments of Hollenberg, where the traffic information is provided autonomously by the server, depending on whether or not the server determines the client could use the traffic information, whether it's appropriate. And then, with reference to Figure 14 that was brought up in their briefing, Figure 14 merely shows in Steps 127 that there's a selection of filters that sends a request to the provider, which is Figure 13. So, 128 sends the request over to 94, and that request for data is that which is processed in 97. So, it's not fair to characterize that the sending of 128 is a request for traffic information. Rather, 128 is that which is received by the server, and that which is processed later after the traffic information has been provided. And the system would work just fine without a request for traffic information. And I don't see anywhere in there where there's any express implied request for traffic information. If there's not a request for traffic information, there's no traffic information provided in response, and there's no geographic selection process. Now, with respect to the claims, just very briefly, on Claim, I think it was 21, Part D, it's in, my reference is in Brief of the Appellant on Page 5, but on Part D, it's this request for information, which was used in Claim 21, I suppose. And this information in the server provides in response there, too, for this information selected portions of the traffic information database and selected portions of the geographic database. Thus, this information is referring back to the traffic information and the mobile users. And I believe, if my recollection is correct, there's an indented paragraph in our brief that points out that even the examiner agreed that the request is in response for traffic information, which is referred to as opposed to any generic information. Because it still has to be, the request is for information, and the response is traffic information. So the information that's referenced is traffic information in a relevant part. That's all I have to say. Thank you much. If you have any questions. Your Honor. Thank you, Mr. Russell. Ms. Nelson, the case is taken under submission. And that concludes the argued cases.